# IN THE COURT OF APPEALS OF IOWA

No. 13-1836
Filed December 10, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DONNA MARIE JONES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

A defendant appeals from the judgment and sentence entered following her convictions for second-degree arson and two counts of insurance fraud. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine and Kimberly Shepherd, Assistant County Attorneys, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

Donna Jones appeals from the judgment and sentence entered following her convictions for second-degree arson, in violation of Iowa Code section 712.3 (2011), and two counts of insurance fraud, in violation of section 507E.3(2)(a). She contends there is insufficient evidence to support her conviction of arson and one of the fraud charges. She also contends the court abused its discretion in sentencing her.

## I. BACKGROUND FACTS AND PROCEEDINGS.

On May 6, 2012, a fire began in a bedroom of Jones's Davenport home. The fire was contained to the bedroom, though smoke and heat damaged the rest of the house. At the time of the fire, Jones owed approximately $53,338.15 on the home and there was a $17,095.60 judgment lien against it. Although Jones was nine months behind on her house payments and owed the IRS approximately $4000, she was current on her homeowner's insurance policy payments to Allied Nationwide Insurance (Allied).

On the day of the fire, Jones attempted to drop off her step-grandson, who lived with her, at a bowling alley. After learning the bowling alley was closed, Jones dropped him off at her daughter's house. Jones went with her mother to Hy-Vee and ran errands before returning home. She claimed to have soiled her clothes on her way home and changed them when she returned. She told investigators she put the clothes in the laundry and lit a candle in the bedroom to cover the odor. Jones then left the house without extinguishing the candle in order to make a second trip to Hy-Vee, taking her dog with her.

While at Hy-Vee, Jones received multiple calls from her neighbor, who was attempting to inform her of the fire. Jones did not answer her phone initially. Hy-Vee's surveillance video shows she left the store two minutes after receiving the call her house was on fire. Jones appeared to be wearing the same clothes during a visit to the store earlier that day, even though she claimed to have changed between visits.

During his investigation, Davenport Fire Department Lieutenant Robb Macdougall observed a partially-melted candle on the floor on the right side of the bed. Items near the candle were not burned. However, the top of the bed was extensively damaged, and the posts above the bed were also damaged. Based on his observations, Lieutenant Macdougall determined the fire began in the northwest corner of the bedroom. He was unable to determine a cause but ruled out the possibility of an electrical fire or an accelerant fire.

Chief Fire Marshall Mike Hayman also investigated the fire. Based on the burn patterns, mattress damage, and charring, he determined the fire began on top of the mattress on the northwest corner of the bed. Chief Hayman ruled out the candle as the source of the fire because it was found almost fully intact and the dresser near it had limited damage. Chief Hayman determined the fire was intentionally set.

Allied hired Terry Brown, a fire investigator, to determine the cause of the fire. Brown also determined the fire originated on the northwest corner of the bed given the charring patterns on the bedposts. He also found charring underneath the candle found on the opposite side of the bed, which indicated the candle was

not on the floor when the fire began. Because the melting temperature of carpet is well above the melting temperature of the candle, Brown concluded it would have been "scientifically impossible" for the candle to have burned the floor underneath it. Had the fire originated with the candle, Brown would not have expected to find any of the candle remaining.

Brown also determined two smoke detectors in the home had working batteries that were disconnected at the time of the fire. He concluded the fire was set intentionally when "an open flame ignition device" was used to ignite the bed. A butane lighter was found on the nightstand next to the bed.

In the days following the fire, Jones rented a house and submitted paperwork to Allied to be reimbursed for the rent and security deposit on the house. However, she never lived in the house. Instead, Jones lived in an RV.

In July 2012, Jones submitted a sworn statement in proof of loss to Allied, claiming $63,241.43 in lost property. The sworn statement reads in part: "The said loss did not originate by any act, design, or procurement on the part of your insured or its affiliates."

On October 25, 2014, Jones was charged with arson in the second degree and two counts of insurance fraud. Following a jury trial, Jones was found guilty on all three counts. She was sentenced to an indeterminate term for no more than ten years in prison and fined $1000 on the arson charge. She was sentenced to indeterminate terms for no more than five years in prison and fined $750 on each of the insurance fraud charges. The sentences were ordered to run concurrently.

## II. SUFFICIENCY OF THE EVIDENCE.

Jones first contends there is insufficient evidence to establish she committed arson. Because she argues she did not commit arson, Jones also contends the evidence is insufficient to show she committed fraud by submitting to Allied a sworn statement that swears she did not cause the loss by an act, design, or procurement.

We review sufficiency-of-the-evidence claims for a correction of errors at law. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). In deciding whether the evidence is sufficient to support a guilty verdict, we consider the record evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from that evidence. *State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014). If substantial evidence supports the verdict, we will uphold it. *Id.* at 440.

The jury was instructed that in order to find Jones guilty of second-degree arson, the State had to prove the following elements:

> 1. On or about May 6, 2012, the defendant caused a fire in or near property.
> 2. The defendant intended to destroy or damage the property or knew the property would probably be destroyed or damaged.
> 3. The property was a building.

Jones argues there is insufficient evidence she "caused" the fire.

Substantial evidence shows the fire was intentionally set. Both Chief Hayman and Brown reached the same conclusion: the fire was intentionally set and began in the northwest corner of the bedroom, rather than on the floor on the opposite side of the bed where the candle was found. Both determined the fire

began on the bed based on the location of the fire damage. Brown further testified the fire was started by an open flame ignition device; a butane lighter was found next to the bed. Further, Chief Hayman and Brown agreed the fire could not have begun on the floor with the candle because the heat required to cause the damage found on the floor would have melted the candle completely or caused damage to the surrounding objects. The disabled smoke detectors also lend credence to the State's case.

There is also substantial evidence to indicate Jones caused the fire. Jones made sure the house was empty on the day of the fire, taking her step-grandson to her daughter's house earlier in the day and bringing her dog to the grocery store with her. Jones was the last person in the home before the fire began and left shortly before the fire was discovered. Her financial difficulties provide a motive for the fire.

Reviewing the evidence in the light most favorable to the State, we find substantial evidence supports the finding Jones caused the fire in her home. Accordingly, sufficient evidence supports both her arson and insurance fraud convictions.

## III. SENTENCING DISCRETION.

Jones also challenges her sentence. She claims the court abused its discretion because it only considered the nature of the offenses when sentencing her.

The court must exercise its discretion in sentencing by weighing "all pertinent matters," including the nature of the offense, the attending

circumstances, and the defendant's age, character, propensities, and chances of reform. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). However, "[t]he nature of the offense alone cannot be determinative of a discretionary sentence." *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). If the court abuses its discretion, we will overturn the sentence. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013).

In sentencing Jones, the court noted the presentence investigation report recommended probation. It then stated, "The problem the Court has is, these were deliberate bad acts that put other people at risk." The court went on to generally discuss the dangers involved in setting fires and defrauding insurance companies. It then addressed Jones's specific situation, noting her financial situation, and opined that she committed the arson as "an easy way out to solve it" even though it put lives in danger. The court found "that prison is the most appropriate sentence here because of the dangerousness of what your deliberate bad act was." We agree these statements indicate the court placed considerable emphasis on the serious nature of the crimes.

However, other statements show the court considered other factors in sentencing Jones. After sentencing, the court added, "I don't see you as a good person that's likely to change," opining that Jones blamed others for her problems and "that isn't the best frame of mind to rehabilitate." It added that in addition to sending the community a message that serious consequences will be given to those who set houses on fire, the prison sentence was also intended to put Jones in a frame of mind to rehabilitate.

Because all of the court's statements indicate it considered multiple factors in determining the appropriate sentence, we find no abuse of discretion. *See State v. Leckington*, 713 N.W.2d 209, 217 (Iowa 2006).

**AFFIRMED.**